Ben Conway, State Bar No. 246410
bconway@publiccounsel.org
**Public Counsel**
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 637-3823 direct
(213) 385-9089 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jay F.** and **Shari L.**, individually, and A.F., a minor, by and through his guardian ad litem, Shari L.,<br><br>Plaintiffs,<br><br>v.<br><br>**William S. Hart Union High School District**, a local educational agency,<br><br>Defendant. | Case No.: 2:16-cv-05117 SJO (GJSx)<br><br>**Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Supplement the Administrative Record**<br><br>Hon. S. James Otero<br>Date: January 30, 2017<br>Time: 10:00am<br>Location: Courtroom 10C, Tenth Floor, 350 W. 1st St., Los Angeles, CA 90012 |

## I. INTRODUCTION

For years, school staff recognized that A.F. threatens other students as a result of his disability. Yet William S. Hart Union High School District never appropriately evaluated A.F. to determine what his disability actually was or how to address it. In this vacuum of information, Hart UHSD expelled A.F. from the district for threats and the California Office of Administrative Hearings ("OAH") improperly upheld that expulsion.

After that expedited administrative decision, Plaintiffs obtained an independent expert evaluation of A.F. by Dr. Lauren Stevenson. This expert testified in the August 2016 hearing between the parties and explained that A.F. has borderline personality disorder—a severe mental illness that only responds to particular interventions. Dr. Stevenson explained how A.F.'s disability has not been appropriately addressed to date, how his disability causes him to engage in threatening behaviors, why Hart UHSD's evaluation was inadequate, and what interventions A.F. really needed.

Plaintiffs seek to supplement the record with a transcript of Dr. Stevenson's August 2016 testimony, an hour of new testimony, and her two written reports.

Plaintiffs also seek to supplement the administrative record with a transcript of Hart UHSD employee Laura Ramirez's August 2016 sworn testimony.[1] In its April 2016 expedited decision, OAH relied substantially on Ms. Ramirez's testimony. Yet her August 2016 testimony contradicted her earlier testimony in important ways.

This new information was not available for the April 2016 decision at issue and will help the Court determine that Hart UHSD illegally expelled A.F.

---

[1] The August 2016 testimony and expert report are in the record of the non-expedited portion of the same administrative case. This Court could deem that these are already part of the record rather "additional evidence" within the meaning of 20 U.S.C. § 1415(i)(2)(C)(2).

## II. PROCEDURAL POSTURE

**A. This case concerns the first half—the "expedited" portion—of a bifurcated administrative proceeding.**

Plaintiffs filed a special education administrative due process complaint with OAH in February 2015.[2] In relevant part, Plaintiffs pleaded two sets of claims for resolution—one set of "expedited" claims alleging that Hart UHSD violated IDEA by unlawfully disciplining A.F., and a second set of "non-expedited" claims alleging that Hart UHSD violated IDEA by failing to provide A.F. an appropriate education.[3] OAH numbered Plaintiffs' case 2016020807 and bifurcated the expedited claims from the non-expedited IDEA claims.[4]

OAH conducted an administrative hearing regarding Plaintiffs' expedited claims on March 22, 23, 24, 29, and 30 of 2016, and issued a final decision on Plaintiffs' expedited claims on April 16, 2016.[5]

In its April 2016 expedited decision, OAH repeatedly cited the lack of expert testimony when denying some of Plaintiffs' claims. OAH sought expert testimony linking A.F.'s extensive educational history to his disability at the time of the incidents in question, establishing what services would have been appropriate, and establishing what evaluations would have been appropriate.[6] Lacking an expert, OAH relied heavily on the testimony of Hart UHSD employee Laura Ramirez.[7]

On July 15, 2016, Plaintiffs timely appealed portions of that expedited decision.[8] That same day, Defendant in this matter—Hart UHSD—appealed a

---

[2] Declaration of Ben Conway, ¶ 5.
[3] *Id.* ¶ 6.
[4] *Id.* ¶ 7.
[5] *Id.* ¶¶ 8-10.
[6] *Id.* ¶¶ 11-14.
[7] *Id.* ¶ 15.
[8] *Id.* ¶ 16.

2
Memo. of Points and Authorities ISO Motion to Supplement

different part of that expedited decision.[9]

OAH conducted a second administrative hearing regarding Plaintiffs' non-expedited claims on August 23, 24, 25, 29, 30 and 31, 2016, and issued a final decision on Plaintiffs' non-expedited claims on October 24, 2016.[10] Neither side has yet appealed the non-expedited decision.[11]

Plaintiffs have the official administrative records for both the expedited and non-expedited proceedings.[12]

### B. The parties unsuccessfully met and conferred regarding Plaintiffs' request to supplement the record.

Plaintiffs disclosed Dr. Lauren Stevenson as an expert in this Court and provided Hart UHSD's counsel a copy of a November 2016 expert report.[13]

Counsel met and conferred about Plaintiffs' motion to supplement during their Rule 26(f) conference on October 11, 2016.[14] Counsel again met and conferred about this motion in person after the October 31, 2016, scheduling conference.[15] Counsel spoke by phone one more time on November 18, 2016.[16]

## III. FACTS

### A. Hart UHSD conducted an inadequate evaluation in 2015 and did not provide an independent educational evaluation prior to the March 2016 expedited administrative proceeding.

In April 2015, Defendant's employee and agent Laura Ramirez performed

---

[9] Dec. B. Conway, ¶¶ 17-19.
[10] Id. ¶¶ 20-21.
[11] Id. ¶¶ 22-23.
[12] Id. ¶¶ 24-27.
[13] Id. ¶ 28.
[14] Id. ¶¶ 29-31.
[15] Id. ¶¶ 32-33.
[16] Id. ¶¶ 34-36.

what she called an evaluation of minor A.F.[17] Ms. Ramirez testified at both the expedited and non-expedited portions of this matter.[18]

Among other problems: Ms. Ramirez did not meet with, interview, or observe A.F. as part of her evaluation; she did not talk to either of Austin's parents, any teacher who had taught him in a classroom setting, or his therapists; and she used only one assessment tool and did not even administer it to A.F—she sent it home and assumed that the form completed in her absence was A.F.'s.[19]

In February 2016, Plaintiffs requested that Defendant provide an independent educational evaluation of minor A.F. under IDEA because of the deficiencies in Ms. Ramirez's evaluation but Defendant neither provided that independent educational evaluation nor filed for an administrative due process hearing to prove that Ms. Ramirez's evaluation was appropriate.[20]

**B. Plaintiffs addressed the dearth of information about A.F.'s disability by obtaining an independent expert evaluation of A.F. during the summer of 2016 from Dr. Lauren Stevenson.**

Plaintiffs contacted numerous potential evaluators, including some proposed by Defendant.[21] The only evaluator that Plaintiffs identified as appropriate and available was Dr. Lauren Stevenson.[22]

Over the summer of 2016, Dr. Stevenson evaluated minor A.F.[23] Her evaluation was ongoing during the August 2016 non-expedited hearing in this

---

[17] Dec. B. Conway, ¶ 38.
[18] Id. ¶ 39.
[19] Id. ¶¶ 40-42.
[20] Id. ¶¶ 43-44. OAH's October 2016 decision on the non-expedited claims in this matter found that Ms. Ramirez's evaluation was so inadequate that it denied Plaintiffs a Free Appropriate Public Education under IDEA. Id. ¶ 46.
[21] Id. ¶¶ 47-51.
[22] Id. ¶ 52.
[23] Id. ¶ 53.

matter, so she prepared an "abbreviated" evaluation report summarizing her findings.[24]

### C. Plaintiffs presented Dr. Steven's initial report and testimony during the August 2016 non-expedited administrative proceeding.

Dr. Stevenson testified under oath for approximately three hours at the August 2016 non-expedited proceeding in this matter.[25] Hart UHSD's counsel cross-examined her.[26]

Dr. Stevenson testified regarding how A.F.'s extensive educational history was related to his disability at the time of the incidents in question, what services would have been appropriate for A.F., and what evaluations would have been appropriate for A.F.[27] Dr. Stevenson's August 2016 abbreviated report discusses many of those same issues.[28] The official administrative record of the August 2016 non-expedited proceeding contains that report and a transcript of Dr. Stevenson's testimony.[29]

Dr. Stevenson was not allowed to testify as to her expert opinion that A.F.'s January 2015 behaviors at the center of this case were caused by his disability.[30]

### D. Plaintiffs obtained contrary testimony from Hart UHSD's employee Laura Ramirez during the August 2016 non-expedited that contradicted her March 2016 testimony in the expedited proceeding.

Hart UHSD's employee Laura Ramirez testified under oath a second time at the August 2016 non-expedited proceeding.[31] Dr. Ramirez's testimony

---

[24] Dec. B. Conway, ¶ 54.
[25] Id. ¶ 55.
[26] Id. ¶ 56.
[27] Id. ¶¶ 58-63.
[28] Id. ¶ 64.
[29] Id. ¶ 65.
[30] Id. ¶¶ 66-67.
[31] Dec. B. Conway, ¶ 68.

contradicted her March 2016 testimony in the non-expedited proceeding as to the nature of A.F.'s disability.[32]

### E. After the August 2016 non-expedited administrative proceeding, Plaintiffs obtained and disclosed Dr. Stevenson's final evaluation report concerning A.F.

In November 2016, Dr. Stevenson issued her final evaluation report.[33]

Dr. Stevenson's November 2016 final report sets out her expert opinion that A.F.'s January 2015 incidence at the center of this case was caused by his disability.[34]

## IV. ARGUMENT

Federal District Courts "shall hear additional evidence at the request of a party" in special education appeals.[35] Thus, "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review."[36] IDEA's mandate "that courts consider additional evidence is grounded in [this] somewhat unusual nature of judicial review under the Act."[37]

"The proper inquiry" to determine whether proffered evidence is additional evidence within the meaning of IDEA is whether the evidence is "relevant, non-cumulative, and otherwise admissible."[38] Put another way, additional evidence includes, inter alia, "evidence concerning relevant events occurring subsequent to

---

[32] *Id.* ¶ 69.
[33] *Id.* ¶ 70.
[34] *Id.* ¶ 71.
[35] 20 U.S.C. § 1415(i)(2)(C)(ii).
[36] *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993).
[37] *E.M. ex rel. E.M. v. Pajaro Valley Unified School Dist. Office of Administrative Hearings*, 652 F.3d 999, 1005-06 (9th Cir. 2011) (citing 20 U.S.C. § 1415(i)(2)(C)(ii) and *Ojai*).
[38] *Id.* at 1006

the administrative hearing."[39]

While "actions of the school systems ... cannot be judged exclusively in hindsight,"[40] "[t]he clear implication of permitting some hindsight is that additional data, discovered late in the evaluation process, may provide significant insight into the child's condition, and the reasonableness of the school district's action, at the earlier date."[41]

### A. The proffered evidence is relevant because it is the type of evidence OAH asked for in its April 2016 expedited decision will aid this Court in determining this case.

Central to this case is whether A.F.'s January 2015 statements were caused by his disability. If, as Plaintiffs argue, A.F's disability caused him to make those statements, then Hart UHSD violated IDEA when it removed him from school.

Evidence is relevant when it tends "to make a fact more or less probable than it would be without the evidence and ... is of consequence in determining the action."[42] District Courts in the Ninth Circuit routinely grant leave to supplement the administrative record to permit additional evidence,[43] for example to present new expert testimony[44] or educational staff testimony.[45] The Ninth Circuit also

---

[39] *Ojai*, 4 F.3d at 1473.
[40] *Adams v. State of Oregon*, 195 F.3d 1141, 1149–50 (9th Cir. 1999) (quoting *Fuhrmann v. E. Hanover Bd. of Educ.*, 993 F.2d 1031, 1041 (3d Cir.1993)).
[41] *E.M.*, 652 F.3d at 1006.
[42] Fed. R. Evid. 401.
[43] *Ms. S. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1128-29 (9th Cir. 2003) (District Court's admission of "additional witnesses and additional exhibits" cured a defective administrative hearing; superseded by statute as to the 1997 amendment requiring a regular education teacher of the child).
[44] *E.g.*, *Seattle Sch. Dist. No. 1 v. B.S.*, 82 F.3d 1493, 1498 (9th Cir. 1996) (new medical expert testimony), abrogated in part on other grounds by *Schaffer v. Weast*, 546 U.S. 49, 56–58 (2005); *Van Duyn v. Baker Sch. Dist. No. 02-1060*, 2005 WL 50130 at * 10 (N.D. Cal. 2004) (three new experts, three teachers, and a district speech therapist).

orders District Courts to admit new evaluations.[46]

In its April 2016 expedited decision, OAH repeatedly cited Plaintiffs' lack of expert testimony and relied on Ms. Ramirez in improperly deciding numerous issues in Defendant's favor.

The proffered evidence addresses each of the points where OAH asked for expert testimony. The proffered evidence undermines Ms. Ramirez's March 2016 testimony in the expedited proceeding on which OAH relied heavily in its April 2016 expedited decision. Finally, the proffered evidence speaks directly to the core issue in this case of whether A.F.'s January 2015 behaviors were caused by his disability. The proffered evidence is relevant.

**B.     The proffered evidence it is not cumulative because it is not duplicative and was not available at the March 2016 expedited hearing.**

 1.     Dr. Stevenson's August 2016 testimony and report.

When a family disagrees with a district evaluation, the district must promptly grant an independent educational evaluation or file for an administrative due process hearing to prove that its own evaluation was appropriate.[47]

Plaintiffs made a good faith effort to obtain expert testimony in advance of the March 2016 expedited hearing. Plaintiffs sought an independent educational evaluation from Hart UHSD. Plaintiffs screened numerous evaluators but found only one—Dr. Lauren Stevenson—who was appropriate and available. Instead of either providing that independent evaluation or filing against Plaintiffs, Hart UHSD delayed.

Once it was clear that Hart UHSD would not comply with IDEA, Plaintiffs

---

[45] *E.g., Ojaj*, 4F.3d at 1473 (affidavits from two district administrators, one of whom had already testified at the underlying administrative hearing); Van Duyn, 2005 WL 50130 at * 10 (allowing teacher testimony).
[46] *E.M.*, 652 F.3d at 1006.
[47] 34 C.F.R. § 300.502(b)(2).

secured Dr. Lauren Stevenson to perform the evaluation and presented her testimony and report at the August 2016 non-expedited proceeding in the same case.

Dr. Stevenson's August 2016 report and testimony are not cumulative because there is no similar testimony and evidence in the expedited proceeding—she could not have testified in March 2016 months before she evaluated A.F.

### 2. Laura Ramirez's August 2016 testimony.

Ms. Ramirez testified at both the March and August 2016 hearings in this matter and, generally, discussed many of the same topics. But Ms. Ramirez's August 2016 testimony is not cumulative because she contradicted herself on important points.

### 3. Dr. Stevenson's November 2016 report and proposed additional testimony.

Plaintiffs seek additional limited testimony from Dr. Stevenson before this Court.[48] Plaintiffs estimate that her new testimony will take less than an hour, including cross examination. Dr. Stevenson's new testimony and November 2016 report will set out and explain her expert opinion that A.F.'s January 2015 behaviors were caused by his disability—a central issue to this case. That testimony

Dr. Stevenson's new testimony and November 2016 report are not cumulative because there is no similar testimony and evidence in the expedited proceeding and because this new testimony will be limited to issues not addressed in the August 2016 testimony and report.

---

[48] Because Dr. Stevenson did not testify at the expedited March 2016 hearing, she should not be considered a repeat witness. *See Ojaj*, 4F.3d at 1473 (citing First Circuit precedent for a rebuttable presumption that administrative hearing witnesses are foreclosed from testifying at trial).

### C. The proffered evidence is patently admissible.

The proffered evidence first consists of transcripts of sworn testimony and an August 2016 report that was presented as part of that sworn testimony and admitted into evidence by OAH. Dr. Stevenson's new report and testimony are admissible as expert opinions.

## V. REQUEST TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiffs request that this Court hear the following additional evidence pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii):

1. Evidence from the August 2016 non-expedited hearing in the same administrative case:
   a. The August 24, 2016, Abbreviated Evaluation Report regarding minor A.F. by Dr. Lauren Stevenson;
   b. The official administrative transcript of Dr. Stevenson's August 2016 testimony; and
   c. The official administrative transcript of Laura Ramirez's August 2016 testimony.
2. New evidence:
   a. The November 13, 2016, Final Evaluation Report regarding minor A.F. by Dr. Stevenson; and
   b. June 2017 trial testimony of Dr. Stevenson in this matter on the relationship between A.F.'s disability and his behaviors.

Dated: December 26, 2016

Ben Conway