| | |
|---|---|
| 1 | BARRETT K. GREEN, Bar No. 145393<br>bgreen@littler.com |
| 2 | DANIEL GONZALEZ, Bar No. 223517<br>dlgonzalez@littler.com |
| 3 | LITTLER MENDELSON, P.C.<br>2049 Century Park East |
| 4 | 5th Floor<br>Los Angeles, CA 90067.3107 |
| 5 | Telephone: 310.553.0308<br>Facsimile: 310.553.5583 |
| 6 | |
| 7 | Attorneys for Defendant<br>WILLIAM S. HART UNION HIGH SCHOOL |
| 8 | DISTRICT, A LOCAL EDUCATIONAL<br>AGENCY, |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Jay F. and Shari L., individually, and A.F., a minor, by and through his guardian ad litem, Shari L.,,,<br><br>Plaintiff,<br><br>v.<br><br>William S. Hart Union High School District, a local educational agency,<br><br>Defendant. | Case No. 2:16-CV-05117 SJO (GJSX)<br><br>**ASSIGNED FOR ALL PURPOSES TO THE HON. S. JAMES OTERO**<br><br>**DEFENDANT WILLIAM S. HART UNION HIGH SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Hearing Date: January 30, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 10C,<br>　　　　　Tenth Floor,<br>　　　　　350 W. 1st St.,<br>　　　　　Los Angeles, CA 90012 |
|---|---|

# I.

# INTRODUCTION

Plaintiffs Jay F., Shari L., and student A.F. (collectively "Plaintiffs") decided on the timing for filing the underlying administrative hearing on appeal here which concerned a dispute regarding school-related *disciplinary issues* ("First Hearing"). As part of that process they designated 13 witnesses they intended to call in support of their case in the administrative hearing. One of those witnesses was school psychologist Laura Ramirez. Plaintiffs examined witness Laura Ramirez during the hearing in support of their case. In her decision, Administrative Law Judge Adrienne L. Krikorian ("the ALJ") found that Laura Ramirez's testimony did not support Plaintiffs' case but instead supported the defense of Defendant William S. Hart Union High School District ("Defendant" or "District").

After that hearing, Plaintiffs hired psychologist Dr. Lauren Stevenson to testify on their behalf in a second administrative hearing ("Second Hearing") (not at issue here) which concerned the appropriateness of the *educational instruction* the District provided to A.F. ("Student"). Now Plaintiffs improperly seek to supplement the appellate record with testimony that their expert witness Dr. Stevenson provided in the Second Hearing. This testimony concerned issues different than the ones disputed and decided in the appealed First Hearing at issue here. The applicable law does not support Plaintiffs' request.

Contrary to Plaintiffs' unsupported assertion, there is no evidence that Dr. Stevenson's testimony from the *educational instruction* Second Hearing is relevant to the earlier *disciplinary issues* hearing which is the subject of this appeal. Also, Plaintiffs' deliberate decision to not obtain evidence from Dr. Stevenson for the first hearing does not make the evidence she provided in the second hearing, or in no prior hearing at all, legally cognizable, unavailable evidence that might be included for the first time in this appeal. Additionally, Plaintiffs have failed to identify any exception to the general rule prohibiting supplementing the record.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

In reviewing any hearing decision, the party receiving an adverse ruling always learns of things that he or she could have done differently that might have resulted in a different outcome. However, this belated understanding does not entitle the party to a new trial on appeal. On the contrary, the applicable law here specifically prohibits Plaintiff from introducing new evidence where that evidence will result in a *de facto* new trial. For the reasons listed below, Defendant respectfully requests that the Court deny Plaintiff's request to supplement the record with new evidence from Dr. Lauren Stevenson or Laura Ramirez.

## II.

## BACKGROUND FACTS

### A. Plaintiffs' Appeal Concerns The First Administrative Hearing Regarding Student's Discipline-Related Issues.

On February 19, 2016, Student, by and through his parents, filed a due process hearing request against the District. Administrative Law Judge Adrienne L. Krikorian heard the *discipline issues* in this matter on March 22, 23, 24, 29 and 30, 2015 during the First Hearing:

1) Did District violate Student's rights under title 20 United States Code section 1415(k)(l)(E) when it determined that Student's behavior on January 27, 2015, was not

a) the manifestation of his disabilities or b) caused by District's failure to implement his individualized education program?

2) Did District violate Student's rights under title 20 United States Code section 1415(k) and title 34 Code of Federal Regulations section 300.530 when it removed Student for disciplinary reasons from his educational placement at Placerita Junior High School for approximately two months in the spring of 2015 while it pursued expulsion proceedings?

3) Did District violate Student's rights under title 20 United States Code section 1415(k) and title 34 Code of Federal Regulations section 300.530 when it failed to provide him with a functional behavior assessment or behavioral intervention services designed to address the January 27, 2015 behavior violation so that it did not recur?

> 4) Did District fail to comply with the provisions of title 20 United States Code section 1415(k) and title 34 Code of Federal Regulations section 300.530 in relation to expulsion proceedings following the January 27, 2015 incident?
>
> 5) Did District fail to comply with the provisions of title 20 United States Code section 1415(k)(l)(E) following an incident on August 25, 2015?

(Defendant William S. Hart Union High School District's Request For Judicial Notice In Support Of Its Opposition To Plaintiffs' Motion To Supplement The Administrative Record ("RJN"), Exhibit 1(First Hearing Decision), p. 2.) The District prevailed on issues 1 through 4 and the Student prevailed on the last issue. (RJN, Exhibit 1, p. 2.) Dr. Stevenson, one of the witnesses from whom Plaintiffs seek to introduce additional evidence, did not testify in the First Hearing. Plaintiffs also seek to introduce additional evidence from Laura Ramirez, who Plaintiffs designated as one of their witnesses in their case in chief in the First Hearing. (RJN, Exhibit 2 (Petitioners' Prehearing Conference Statement), p.

In deciding the issues against Plaintiffs, the ALJ found that the testimony provided by their own witness, Laura Ramirez, did not support their case and that they had failed to put forth any evidence that would contradict Ms. Ramirez:

> Student offered no credible evidence that discredited Ms. Ramirez's credible professional opinions, discussed below, or the findings of the professional and experienced District staff members of the manifestation review team, which included Ms. Amrhein, Ms. Hunter, Ms. Ramirez, Ms. Hayes-Rennels, Ms. Thompson, Student's special education case manager, his general education teacher, and his school counselor.

(First Hearing Decision, p. 13, ¶ 11.)

***

> Parents' opinions about their son's behaviors, and their perception of the motives of District staff, also did not credibly outweigh the professional opinions at healing of District staff members, in part because neither parent had a clear memory of the February 3, 2015 meeting at the time of hearing.

(First Hearing Decision, p. 13 - 14, ¶ 11.)

\*\*\*

> However, again, Student offered no credible evidence, including testimony from an expert, proving that any of Student's past history of behaviors were relevant to Student's threats of retaliation on January 27, 2015. Student offered no expert testimony proving that his actions were not pre planned, as Ms. Ramirez opined, but instead were impulsive and related to his ADHD; or that his actions were caused by or had a direct and substantial relationship to his disability of emotional disturbance. Relying only on Student's past history and Parents' opinions, and without any expert testimony, Student did not provide any credible evidence supporting a finding that the incident on January 27, 2015, was a manifestation of either disability.

(First Hearing Decision, p. 14, ¶ 12.)

\*\*\*

> Ms. Ramirez was an experienced school psychologist who understood Student's disabilities. She reviewed Student's educational records, previous psychoeducational assessment reports and prior IEP's. She discussed her findings with the manifestation review team. Based upon her careful investigation of the incident, she credibly opined that Student's emotional disturbance manifested itself in depression and anxiety, and his behaviors on January 27, 2015, had no direct and substantial relationship to his emotional disturbance.

(RJN, Exhibit 1, pp. 14-15, ¶ 14.) The ALJ issued her decision in the First Hearing on April 18, 2016. (*Id*., at p. 24.)

### B. Second Hearing Concerning Student's Educational Issues.

In the Second Hearing on August 23, 24, 25, 29, 30 and 31, 2016, the ALJ heard Plaintiffs' issues concerning the educational program the District was providing to A.F. . The District prevailed on 17 of the issues and sub-issues and Student prevailed on two issues and sub-issues. (RJN, Exhibit 3 (Second Hearing Decision).) Dr. Stevenson testified in the Second Hearing, and Plaintiffs introduced her August 24, 2016 report of her assessment of Student into evidence. (Second Hearing Decision, p. 21, ¶¶ 72, 73.)

### C. Evidence Plaintiffs Seeks To Improperly Introduce Into The Pending Appeal

Plaintiffs seek to improperly introduce into this appeal new evidence they used in the Second Hearing and evidence they had not previously used. Specifically Plaintiffs want to introduce into this appeal (1) Plaintiffs' expert witness, Dr. Lauren Stevenson's August 24, 2016 Evaluation Report regarding Student, (2) the transcript of Dr. Stevenson's August 2016 testimony (Second Hearing), and (3) the transcript of the testimony of witness Laura Ramirez's August 2016 testimony (Second Hearing). The Plaintiffs also seeks to introduce (4) a second Dr. Stevenson report prepared on November 13, 2016 regarding Student[1] and (5) additional live testimony in these proceedings from Dr. Stevenson concerning the relationship between A.F.'s disability and his behaviors back in January 2015. ([proposed] Order Granting Plaintiffs' Motion to Supplement the Administrative Record.)

### III.
### ARGUMENT

### A. The Existing Administrative Hearing Record Is The Primary Material On Which The Court Must Rely On This Appeal.

Like any appeal, the administrative record is the primary source material in appeals of administrative hearing decisions adjudicated pursuant to the Individuals with Disabilities Education Act ("IDEA"). Although courts give less deference to an administrative decision in IDEA cases than in other administrative cases, full *de novo* review is inappropriate. *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 949 (9th Cir. 2010) (citing *J.G. v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008)); *see also* **Rowley**, 458 U.S. at 206 (1982). Instead, courts give "due weight" to the

---

[1] This second Dr. Stevenson report has never been used in any other proceeding concerning this Student. (Declaration of Daniel L. Gonzalez In Support of Defendant's Opposition To Plaintiffs' Motion To Supplement The Administrative Record ("Gonzalez Decl."), ¶ 3.)

administrative proceedings in IDEA cases. *J.L.*, 592 F.3d at 949 (citing *Douglas*, 552 F.3d at 793).  Courts reviewing an IDEA due process appeal must review the records of the administrative proceedings; hear additional evidence at the request of a party; and grant such relief as it deems appropriate, basing its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C). The preponderance of evidence standard is not, however, an invitation for reviewing courts to discount the administrative proceedings. *Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982). Instead, reviewing courts must give due weight to an administrative decision's findings of fact and avoid substituting their opinions of sound educational policy for those of school authorities. *Id.* Here, there is a complete administrative record on which the Court can rely in evaluating the ALJ's decision without needing to supplement the record. Further, supplementing the record here is not allowed where it would result in a new trial.

**B.     The Court Should Not Supplement The Record Where Additional Evidence Will Convert The Review Of The Administrative Decision To A Trial *De Novo*.**

Plaintiff cannot introduce the new, additional evidence where this will turn the appeal into a new trial.  Defendant recognized that the IDEA mandates that, on review of an administrative decision, the court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii). However, not all evidence is legally cognizable "additional evidence." In *Ojai Unified Sch. Dist. v. Jackson*, the court held that a district court need not consider evidence that simply repeats or embellishes evidence taken at the administrative hearing, nor should it admit evidence that changes "'the character of the hearing from one of review to a trial *de novo*.'" 4 F.3d 1467, 1473 (9th Cir. 1993), cert. denied, 513 U.S. 825, 115 S. Ct. 90, 130 L. Ed. 2d 41 (1994) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd sub nom. Sch. Comm. v. Dep't of Educ.*, 471 U.S.

1  359, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985)).  Plaintiffs want to introduce Dr.
2  Stevenson's additional report and testimony into evidence in contravention of this very
3  principle. Plaintiffs state that they now need testimony and opinions from Dr.
4  Stevenson to be considered as part of their appeal for the first time because she can
5  provide the evidence that they chose not to introduce during the underlying due
6  process hearing.  (Motion, p. 2:14-20.)  Allowing Dr. Stevenson's report and/or
7  testimony into evidence for the first time on appeal would turn this proceeding from
8  an appeal of an administrative hearing decision into a completely new trial.  This is
9  clearly prohibited by the applicable case law.  Courts have prevented the introduction
10 of additional evidence on similar grounds in other IDEA appeals.

11         In *Scanlon*, plaintiffs argued that the District Court erred in denying their
12 motion for the court to hear additional evidence, which according to plaintiffs' brief
13 was made at the hearing on defendants' motion for summary judgment after the
14 district court granted the motion from the bench. *Scanlon by Birkner v. San Francisco*
15 *Unified Sch. Dist.*, 1995 U.S. App. LEXIS 31594, * 4.  The *Scanlon* plaintiffs
16 explained that they wished to present additional evidence "of the gross factual error
17 relied upon by Officer Fait in his September '90 Decision."  Specifically, plaintiffs
18 requested the case be remanded to the district court to consider proof that the resource
19 specialist who was to oversee one of the plaintiffs' individualized educational
20 programs ("IEP") did not possess the qualifications that the administrative officer
21 claimed he possessed. *Scanlon by Birkner v. San Francisco Unified Sch. Dist.*, 1995
22 U.S. App. LEXIS 31594, * 4.  In the denying the *Scanlon* plaintiffs' request, the Court
23 reasoned that plaintiffs had the opportunity to examine the resource specialist at the
24 administrative hearing and their failure to do so properly precluded them from
25 supplementing the record on appeal.  Allowing this evidence would convert the action
26 into a trial *de novo*. *Scanlon by Birkner v. San Francisco Unified Sch. Dist.*, 1995
27 U.S. App. LEXIS 31594, * 4, 5.  Plaintiffs' request to supplement the record here
28 should be denied for the same reason.

1   In regards to Dr. Stevenson, Plaintiffs put forth no evidence that Dr.
2   Stevenson was unavailable in a way recognized by case law. Plaintiffs put forth no
3   credible reason why they did not have Dr. Stevenson's reports prepared in time to be
4   introduced in the first administrative hearing at issue here or why they did not have
5   her testify in that hearing. Plaintiffs had control over when they filed their due
6   process hearing request, and they could have timed this filing for the first
7   administrative hearing so that Dr. Stevenson had the option of testifying. (Declaration
8   of Ben Conway in Support of Plaintiffs' Motion to Supplement the Administrative
9   Record ("Conway Decl."), ¶ 6; Motion, p. 5:20-6:2.) In regards to Ms. Ramirez's
10  requested testimony, like in *Scanlon*, Plaintiffs here had the opportunity to examine
11  her in the First Hearing, they did examine her, and they should have obtained the
12  evidence in the First Hearing that they claim she provided in the Second Hearing. It is
13  therefore clear that the type of evidence Plaintiffs seek to introduce here is not
14  regularly recognized as "additional evidence" that can be introduced on appeal for the
15  first time without running afoul of the prohibitions against converting the appeal into a
16  *de novo* review of the ALJ's decision. Further, not only would introducing new
17  evidence into this appeal impermissibly convert the proceedings into a trial *de novo*,
18  but the limited exceptions that justify supplementing the record "with additional
19  evidence" are inapplicable in this case.

20  **C. The Reasons Under Which The Record May Be Supplemented Are**
21  **Not Present In This Case.**

22  Plaintiffs' do not provide any legally recognized reasons for which courts
23  may allow a party to supplement the record:

> The reasons for supplementation will vary; they might
> include gaps in the administrative transcript owing to
> mechanical failure, unavailability of a witness, an improper
> exclusion of evidence [citation omitted] by the
> administrative agency, and evidence concerning relevant
> events occurring subsequent to the administrative hearing. . .
> . In ruling on motions for witnesses to testify, a court should
> weigh heavily the important concerns of not allowing a party
> to undercut the statutory role of administrative expertise, the

> unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Jackson*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790). None of the aforementioned reasons for needing to supplement the record are present in this case. Here, there was no mechanical failure that resulted in a gap of the administrative transcript and no improper exclusion of evidence where Plaintiffs never sought to introduce Dr. Stevenson's report or testimony. To the extent Plaintiffs chose not to have Dr. Stevenson provide evidence in the First Hearing does not make the evidence unavailable for purposed of considering whether Plaintiffs can supplement the appellate record. Unless Plaintiffs can find case law that supports their contention that they can refuse to use an otherwise available expert in their administrative hearing but then seek to introduce the expert's testimony for the first time on appeal, their request to introduce evidence from Dr. Stevenson should be denied. Similarly, where Plaintiffs failed to elicit the unspecified evidence they claim Ms. Ramirez could have provided in the First Hearing, there is no authority to support including Ms. Ramirez's evidence in this appeal where Plaintiffs did not elicit it in the First Hearing that is being appealed.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Plaintiffs' motion to supplement the appellate record with new evidence be denied in its entirety. Otherwise, Defendant will also have to seek to introduce rebuttal expert testimony to al so be considered in this appeal.

Dated: January 9, 2017

/s/ DANIEL L. GONZALEZ
BARRETT K. GREEN
DANIEL L. GONZALEZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
WILLIAM S. HART UNION HIGH
SCHOOL DISTRICT, A LOCAL
EDUCATIONAL AGENCY,

Firmwide:144810187.2 018896.2282

10.