BARRETT K. GREEN, Bar No. 145393
bgreen@littler.com
DANIEL GONZALEZ, Bar No. 223517
dlgonzalez@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:   310.553.5583

Attorneys for Defendant
WILLIAM S. HART UNION HIGH SCHOOL DISTRICT, A LOCAL EDUCATIONAL AGENCY,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jay F. and Shari L., individually, and A.F., a minor, by and through his guardian ad litem, Shari L.,,<br><br>Plaintiff,<br><br>v.<br><br>William S. Hart Union High School District, a local educational agency,<br><br>Defendant. | Case No.  2:16-CV-05117 SJO (GJSX)<br><br>ASSIGNED FOR ALL PURPOSES TO THE HON. S. JAMES OTERO<br><br>**DEFENDANT WILLIAM S. HART UNION HIGH SCHOOL DISTRICT'S OBJECTIONS TO THE DECLARATION OF BEN CONWAY IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Hearing Date: January 30, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 10C,<br>    Tenth Floor,<br>    350 W. 1st St.,<br>    Los Angeles, CA 90012 |

**TO PLAINTIFFS JAY F., SHARI L., AND STUDENT A.F. AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant WILLIAM S. HART UNION HIGH SCHOOL DISTRICT ("Defendant") hereby submits the following evidentiary objections to the Declaration of Ben Conway in Support of Plaintiffs' Motion to Supplement the Administrative Record submitted by Plaintiffs Jay F. and Shari L., and A.F., a minor, ("Plaintiffs") in support of its Motion for Attorneys' Fees.

Defendant requests that the Court strike or otherwise not consider the specific evidence submitted by Plaintiff and objected to herein in determining the merits of Plaintiff's Motion and Reply.

## OBJECTIONS TO THE DECLARATION OF BEN CONWAY IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| 1. Page 2, Lines 5-6 "11. OAH sought expert testimony about what services A.F. needed in the spring of 2015. (Doc. 2-1, p. 16, ¶ 24.)" | Foundation, hearsay, vague; Fed. R. Evid. 602, 802.<br><br>Sustained: \_\_\_\_  Overruled: \_\_\_\_\_ |
| 2. Page 2, Lines 7-8 "12. OAH sought expert testimony establishing that A.F. needed an evaluation after the January 2015 incident. (Doc. 2-1, p. 16, ¶ 30.)" | Relevance, foundation, hearsay vague; Fed. R. Evid. 402, 602, 802.<br><br>Sustained: \_\_\_\_  Overruled: \_\_\_\_\_ |
| 3. Page 2, Lines 9-10 "13. OAH sought expert testimony that | Relevance, foundation, vague, opinion, Hearsay; Fed. R. Evid. 402, 602, 701, 802. |

| | MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|---|
| | appropriate services would have prevented further behavioral incidents. (Doc. 2-1, p. 17, ¶ 31.)" | Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 4. | Page 2, Lines 11-14 "14. OAH sought expert testimony "proving that any of Student's past history of behaviors were relevant to Student's" January 2015 behavior and that "that his actions were not preplanned, as Ms. Ramirez opined." (Doc. 2-1, p. 14, ¶ 12.)" | Relevance, foundation, vague, opinion, hearsay; Fed. R. Evid. 402, 602, 701, 801.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 5. | Page 2, Lines 15-16 "15. OAH relied heavily on the testimony of Hart UHSD employee Laura Ramirez in that April 2016 decision." | Relevance, foundation, vague, opinion, best evidence; Fed. R. Evid. 402, 602, 701, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 6. | Page 3, Lines 6-9 "23. I have communicated with opposing counsel, Daniel Gonzalez, on numerous occasions since that time. Based on my communications, I believe that William S. Hart Union High School District has not yet appealed that | Relevance, foundation, vague, opinion, hearsay; Fed. R. Evid. 402, 602, 701, 801.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |

| | MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|---|
| | October 2016 non-expedited decision." | |
| 7. | Page 3, Lines 16-18 "27. I have reviewed those records at a macro level—I have not yet reviewed them closely. Based on my preliminary review, I believe that the official administrative records for both proceedings are complete." | Relevance, foundation, vague, opinion, best evidence; Fed. R. Evid. 402, 602, 701, 1002.<br><br>**Sustained: \_\_\_\_   Overruled: \_\_\_\_\_** |
| 8. | Page 3, Lines 20-23 "28. As a part of Plaintiffs' Rule 26(a) disclosures, Ms. Ferioli informed opposing counsel that Plaintiffs intended to introduce testimony from Dr. Lauren Stevenson. Plaintiffs included Dr. Stevenson's curriculum vitae and a copy of her November 2016 report." | Relevance, foundation, vague, hearsay, best evidence; Fed. R. Evid. 402, 602, 802, 1002.<br><br>**Sustained: \_\_\_\_   Overruled: \_\_\_\_\_** |
| 9. | Page 3, Lines 26-27 "30. During that call, Ms. Ferioli explained to Mr. Gonzalez that Plaintiffs intended to request that this Court supplement the administrative record." | Relevance, foundation, vague, hearsay; Fed. R. Evid. 402, 602, 802.<br><br>**Sustained: \_\_\_\_   Overruled: \_\_\_\_\_** |

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| **10.** Page 4, Lines 2-5 "After the conference, Ms. Ferioli spoke with Mr. Gonzalez in person briefly. Ms. Ferioli again explained to Mr. Gonzalez that Plaintiffs intended to request that this Court supplement the administrative record." | Relevance, foundation, vague, hearsay; Fed. R. Evid. 402, 602, 801.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **11.** Page 4, Lines 20-21 "40. Ms. Ramirez conceded in the August 2016 hearing that she did not meet with, interview, or observe A.F. as part of her April 2015 evaluation." | Relevance, foundation, vague, hearsay, best evidence; Fed. R. Evid. 402, 602, 801, 1002.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **12.** Page 4, Lines 22-24 "41. Ms. Ramirez conceded in the August 2016 hearing that she did not speak with A.F.'s parents, any teacher who had taught A.F. in a classroom, or any of A.F.'s therapists as part of her April 2015 evaluation." | Relevance, foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 602, 701, 801, 1002.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **13.** Page 4, Lines 25-27 "42. Ms. Ramirez conceded in the August 2016 hearing that she only used one | Relevance, foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 602, 701, 801, 1002. |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

| | MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|---|
| | assessment tool and that she did not directly administer that tool to A.F. Instead, she mailed it home." | Sustained: ____ Overruled: _____ |
| 14. | Page 4, Line 28- Page 5, Line 2 "43. In February 2016, Plaintiffs requested that Defendants provide Plaintiffs an independent educational evaluation of minor A.F. under IDEA because of the deficiencies in Ms. Ramirez's evaluation." | Relevance, vague, opinion, hearsay; Fed. R. Evid. 402, 701, 801.<br><br>Sustained: ____ Overruled: _____ |
| 15. | Page 5, Lines 3-5 "44. Defendant neither provided that independent educational evaluation nor filed for an administrative due process hearing to prove that Ms. Ramirez's evaluation was appropriate." | Relevance, foundation, vague, opinion; Fed. R. Evid. 402, 602, 701.<br><br>Sustained: ____ Overruled: _____ |
| 16. | Page 5, Lines 8-10 "46. In that October 2016 decision, OAH found that Ms. Ramirez's evaluation was so inadequate that it denied Plaintiffs a Free Appropriate Public Education under IDEA. " | Foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 602, 701, 801, 1002.<br><br>Sustained: ____ Overruled: _____ |

| | MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|---|
| **17.** | Page 5, Lines 11-12 "47. From February to June 2016, Ms. Ferioli contacted at least six potential evaluators. During that time, she and I spoke regularly about her efforts." | Relevance, foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 602, 701, 801, 1002.<br><br>**Sustained: \_\_\_\_ Overruled: \_\_\_\_\_** |
| **18.** | Page 5, Line 13 "48. Defendant proposed some of the evaluators Ms. Ferioli contacted." | Foundation, vague, hearsay; Fed. R. Evid. 402, 602, 801.<br><br>**Sustained: \_\_\_\_ Overruled: \_\_\_\_\_** |
| **19.** | Page 5, Lines 14-15 "49. One of Defendant's proposed evaluators was not independent because that person's previous employment was at Hart UHSD." | Relevance, foundation, vague, opinion; Fed. R. Evid. 402, 602, 701.<br><br>**Sustained: \_\_\_\_ Overruled: \_\_\_\_\_** |
| **20.** | Page 5, Lines 16-18 "50. Another of Defendant's proposed evaluators was not independent because that person's only employment was at school districts—Plaintiffs could find no evidence they had ever conducted an independent evaluation." | Relevance, foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 602, 701, 801, 1002.<br><br>**Sustained: \_\_\_\_ Overruled: \_\_\_\_\_** |

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| **21.** Page 5, Lines 19-20 "51. Two more of Defendant's proposed evaluators stated to Ms. Ferioli that they did not feel they were appropriate for this evaluation." | Relevance, foundation, vague, opinion, hearsay; Fed. R. Evid. 402, 602, 701, 801.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **22.** Page 5, Lines 21-22 "52. The only evaluator that Plaintiffs identified as appropriate and available was Dr. Lauren Stevenson." | Relevance, foundation, vague, opinion, hearsay; Fed. R. Evid. 402, 602, 701, 801.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **23.** Page 5, Lines 24-26 "54. Her evaluation was still ongoing during the August 2016 non-expedited hearing in this matter, so she prepared an "abbreviated" twenty-nine page evaluation report summarizing her findings." | Relevance, foundation, vague, opinion; Fed. R. Evid. 402, 602, 701.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **24.** Page 5, Lines 27-28 "55. Dr. Stevenson testified under oath for approximately three hours at the August 2016 non-expedited proceeding in this matter." | Relevance, vague, hearsay, best evidence; Fed. R. Evid. 402, 801, 1002.<br><br>**Sustained: \_\_\_\_  Overruled: \_\_\_\_\_** |
| **25.** Page 6, Lines 2-3 "57. Dr. Stevenson based her testimony on | Relevance, vague, foundation, opinion, best evidence; Fed. R. Evid. 402, 602, |

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| her evaluation of A.F. including extensive record review, administration of standardized testing batteries, and clinical interviews with A.F., his parents, and his former therapists." | 701, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 26. Page 6, Lines 5-6 "58. Dr. Stevenson testified about how she used her clinical judgment in diagnosing A.F. with borderline personality disorder." | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 27. Page 6, Lines 7-8 "59. Dr. Stevenson explained what borderline personality disorder is and that it is a very serious diagnosis." | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 28. Page 6, Lines 9-10 "60. Dr. Stevenson testified about how A.F.'s educational history informed her impressions of him." | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 29. Page 6, Lines 11-12 "61. She | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, |

| | MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|---|
| | testified generally about how various behavioral incidents were related to A.F.'s disability at the time of the incidents in question." | 1002.<br><br>Sustained: \_\_\_\_   Overruled: \_\_\_\_ |
| 30. | Page 6, Lines 13-17 "62. Dr. Stevenson testified that people like A.F. who have borderline personality disorder require an intervention called dialectical behavioral therapy. She explained that dialectical behavioral therapy is both the "gold standard" for people with borderline personality disorder and also the only research-based intervention for such people." | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_   Overruled: \_\_\_\_ |
| 31. | Page 6, Lines 18-20 "63. Dr. Stevenson explained how Dr. Ramirez's evaluation was inadequate and. opined on when Hart UHSD should have appropriately evaluated A.F." | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_   Overruled: \_\_\_\_ |
| 32. | Page 6, Lines 21-23 "64. Dr. Stevenson's August 2016 | Relevance, vague, hearsay, best evidence; Fed. R. Evid. 402, 801, 1002. |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| abbreviated report discusses many of those same issues described in paragraphs 57-63. That report was admitted into evidence in the August 2016 non-expedited proceeding." | Sustained: ____ Overruled: ____ |
| 33. Page 6, Lines 24-26 "65. The administrative record from the August 2016 non-expedited proceeding includes both the transcript of Dr. Stevenson's testimony and the copy of her August 2016 report that was admitted into evidence." | Relevance, foundation, vague, best evidence; Fed. R. Evid. 402, 602, 1002.<br><br>Sustained: ____ Overruled: ____ |
| 34. Page 6, Line 27– Page 7, Line 1 "66. During the August 2016 hearing, OAH precluded Dr. Stevenson from expressing her specific opinions on whether A.F.'s disability caused the 2015 behaviors for which he was expelled." | Foundation, vague, best evidence; Fed. R. Evid. 602, 701, 801, 1002.<br><br>Sustained: ____ Overruled: ____ |
| 35. Page 7, Lines 9-13 "69. Some of Dr. Ramirez's testimony | Relevance, foundation, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 602, 701, 801, 1002. |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| contradicted her March 2016 testimony in the non-expedited proceeding. This conflicting testimony addresses how A.F.'s extensive educational history was related to his disability at the time of the incidents in question, what services would have been appropriate for A.F., and what evaluations would have been appropriate for A.F. " | Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 36. Page 7, Lines 14-15 "70. In November 2016, Dr. Stevenson issued her final evaluation report. She provided Ms. Ferioli and me copies of that report. I have read that report." | Relevance, vague, best evidence; Fed. R. Evid. 402, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |
| 37. Page 7, Lines 16-20 "71. Dr. Stevenson's November 2016 final report explains, among other things, how A.F.'s extensive educational history was related to his disability at the time of the incidents in question, what services would have been appropriate for | Relevance, vague, opinion, hearsay, best evidence; Fed. R. Evid. 402, 701, 801, 1002.<br><br>Sustained: \_\_\_\_ Overruled: \_\_\_\_\_ |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

| MATERIAL OBJECTED TO | DEFENDANT'S OBJECTIONS |
|---|---|
| A.F., and what evaluations would have been appropriate for A.F.— the expert evidentiary gaps that OAH cited in its April 2016 expedited decision at issue here." | |

Dated: January 9, 2017

/s/ DANIEL L. GONZALEZ
BARRETT K. GREEN
DANIEL L. GONZALEZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
WILLIAM S. HART UNION HIGH SCHOOL DISTRICT, A LOCAL EDUCATIONAL AGENCY,

Firmwide:144816819.2 018896.2282

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13.