Ben Conway, State Bar No. 246410
bconway@publiccounsel.org
Eliza Finley, State Bar No. 301318
efinley@publiccounsel.org
Leah Gasser-Ordaz, State Bar No. 303881
lgasser-ordaz@publiccounsel.org
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 637-3823 direct
(213) 385-9089 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jay F.** and **Shari L.**, individually, and **A.F.**, a minor, by and through his guardian ad litem, Shari L.,<br><br>Plaintiffs,<br><br>v.<br><br>**William S. Hart Union High School District**, a local educational agency,<br><br>Defendant. | Master File Case No.:<br>    2:16-cv-05117 TJH (GJSx)<br><br>Consolidated Case Nos.:<br>    2:16-cv-05226<br>    2:17-cv-00479<br><br>**Plaintiffs' Notice of Motion and Motion for Attorneys' Fees**<br><br>Hon. Terry J. Hatter, Jr.<br>Date: October 2, 2017<br>Time: UNDER SUBMISSION<br>Location: Courtroom 10C, 10th Floor, 350 W. 1st St., Los Angeles, CA 90012 |

**Please take notice that** on October 2, 2017, or as soon thereafter as this matter may be heard by the Court, Plaintiffs will move this Court to award attorneys fees' in this case pursuant to Federal Rule of Civil Procedure 54 and 20 U.S.C. Section 1415(i)(3). Having read this Court's procedures and requirements, Plaintiffs understand that there will be no appearance for arguments unless the Court instructs the parties otherwise.

This motion is made following Local Rule 7-3 conferences of counsel.

Plaintiffs are entitled to attorneys' fees as the prevailing party in this case. Plaintiffs prevailed on claims at both the administrative level and in federal court. Moreover, Plaintiffs obtained the relief that they sought. Plaintiffs' counsel have exercised diligent billing judgment and submit a reasonable number hours at the rates that are prevailing for federal disability rights litigation in Los Angeles, California.

This motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, and the concurrently filed Declarations of Ben Conway, Barrett Litt, Shawna Parks, Anna Rivera, Janeen Steel, and Valerie Vanaman.

Dated: August 16, 2017

_____
Ben Conway

# Contents

I. Introduction ..................................................................................................... 1

II. Procedural History ........................................................................................... 1

III. Statutory Framework ...................................................................................... 2

IV. Argument ........................................................................................................ 2

   A. Plaintiffs are the prevailing party because they won issues of law in every proceeding and they obtained the relief they sought. ........................... 2

   B. Plaintiffs' counsels' rates are reasonable as they are the prevailing rates for civil rights attorneys of similar experience and expertise practicing in Los Angeles, California. ............................................................................. 4

   C. Plaintiffs' counsels' hours are reasonable as they have exercised extensive billing judgement—deducting nearly forty percent of their Lodestar—such that they claim only those hours that were necessary to obtain the result that they achieved. ............................................................................. 7

     i. Plaintiffs seek compensation for work necessary to achieve their results following two administrative hearings and three federal proceedings. 7

     ii. Plaintiffs have exercised extensive, line-item billing judgment. ................ 8

     iii. Plaintiffs' staffing of this case was appropriate in light of the nature of the case. ............................................................................................. 9

     iv. Hart's zealous defense of this case raised costs. ........................................ 10

**V.** Request for attorneys' fees. .............................................................................. 12

**CASES**

*Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114 (9th Cir. 2006). ...............2

*Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 1280 (9th Cir. 1991) ...............................................................................................................2

*Blum v. Stevenson*, 465 U.S. 886 (1984) ..................................................................4

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)..........................................................................................................2

*Davis v. San Francisco*, 976 F.2d 1536 (9th Cir. 1987)............................................4

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)..............................................................2

*M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F. 3d 1189 (9th Cir. 2017) .....7

*Missouri v. Jenkins*, 491 U.S. 274 (1989)..............................................................4, 5

*Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857 (9th Cir. 2004) ..........2

*Stanton v. District of Columbia*, 680 F. Supp. 2d 201 (D.C. Cir. 2010) ...................2

*Termine ex rel. Termine v. William S. Hart Union High Sch. Dist.*, 288 F. App'x 360 (9th Cir. 2008)....................................................................................................5

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).........................................................5

**STATUTES**

20 U.S.C. § 1415...................................................................................................2, 4

**REGULATIONS**

Cal. Educ. Code § 56043 ...........................................................................................7

ii
Memo. of Points and Authorities ISO Plaintiffs' Fee Motion

# I. Introduction

IDEA affords reasonable attorneys' fees to parents of children with disabilities who are prevailing parties. Plaintiffs Jay F. and Shari L. prevailed in part at every phase of this proceeding. Through this litigation, they achieved precisely the result they sought: A.F.'s expulsion was overturned, his school records will be corrected, and he will be provided appropriate related services to address his unique needs that arise from his disability. Plaintiffs are entitled to reasonable attorneys' fees.

# II. Procedural History

Plaintiffs filed a special education due process complaint with the California Office of Administrative Hearings ("OAH") on February 19, 2016. Plaintiffs pleaded two sets of claims for resolution—one set of "expedited" claims alleging that Hart violated IDEA by unlawfully disciplining A.F., and a second set of "non-expedited" claims alleging that Hart violated IDEA by failing to provide A.F. an appropriate education.

OAH numbered Plaintiffs case 2016020807 and bifurcated the expedited claims from the non-expedited IDEA claims.

The five-day administrative hearing regarding Plaintiff's expedited claims occurred in March of 2016. OAH issued its final administrative decision on expedited claims on April 18, 2016. On July 15, 2016, the parties separately appealed portions of the expedited proceeding into this Court.

The six-day administrative hearing regarding Plaintiffs' expedited claims occurred in August of 2016. OAH issued its final administrative decision on the non-expedited claims on October 24, 2016. On January 20, 2017, Plaintiffs appealed the non-expedited proceeding into this Court. Following Plaintiffs' motion to consolidate, the all three appeals were consolidated on March 10, 2017.

This Court heard oral arguments on July 25, 2017 and the Court issued its decision on August 2, 2017.

### III. Statutory Framework

IDEA provides reasonable attorneys' fees for parents of children with disabilities who prevail in any proceeding. 20 U.S.C. § 1415(i)(3)(B). Like many other fee shifting statutes, fees under IDEA are awarded through the Lodestar method: the reasonable number of hours billed multiplied by the reasonable rates of the billing attorneys. 20 U.S.C. § 1415(i)(3)(C).

This right to attorneys' fees comports with Congress's intent to provide parents with substantive rights that are enforced through procedural mechanisms, including the right to file administrative due process complaints that are appealed into courts of competent jurisdiction. *See Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1991).

### IV. Argument

#### A. Plaintiffs are the prevailing party because they won issues of law in every proceeding and they obtained the relief they sought.

A prevailing party is one that achieves a judicially sanctioned material alteration between the parties. *Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 865 (9th Cir. 2004) (applying *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) to IDEA cases). Final decisions—both administrative and judicial—establish judicial imprimatur. *See id.*

When a party prevails on some legal claims but not others, Courts look to the result obtained: "the Court's rejection or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). *Hensley*'s "degree of success" standard controls fee awards under IDEA. *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1115 (9th Cir. 2006). "[T]he fee award must be calculated with careful consideration of the degree of success the prevailing party obtained." *Id.* at 1122 (Pregerson, J., concurring; citing *Hensley*, 461 U.S. at 436).

Plaintiffs achieved judicially sanctioned, material alterations of the

relationships between the parties at each stage of this proceeding. Each of these changes was important to Plaintiffs.

In the April 2016 expedited administrative proceeding, Plaintiffs won an order compelling Hart to conduct a manifestation determination IEP team meeting regarding A.F.'s August 2015 behavior and further to train its staff on its violations of law.

Dr. Stevenson testified that she did not believe that A.F.'s parents fully understood the nature and severity of his disability. (R. 2-1619:17-22.) Both parents acknowledged that they do not understand A.F.'s disability but desire to. (R. 2-1081: 22-25; R. 2-1082: 1-12.) Ms. L. testified that one of her goals in bringing this litigation was to learn the nature of A.F.'s disabilities. (R. 2-1212:2-10.) Through the non-expedited August 2016 proceeding, Plaintiffs obtained retroactive funding for the independent evaluation that explains the nature of A.F.'s disability.

Both parents wanted to help A.F. gain appropriate social skills and function more like his nondisabled peers and they took him to numerous therapists and psychiatrists. (*E.g.*, R. 1-583:4-9; R. 1-1117:24-25; R. 1085:4-21). They enrolled him in school district counseling for years even as his behaviors escalated. (R.1-:1061:18-21.) Through the federal litigation, they obtained the comprehensive program of dialectical behavioral therapy that is necessary to address the needs that arise from his disability.

Mr. F. felt that the February 2015 IEP team meeting was a sham and that Hart staff denied that A.F.'s threatening behaviors were a manifestation of his disabilities solely because Hart "wanted [A.F.] out of school." (R. 1-1079:12-14). Ms. L. testified that she did not speak at that meeting because it was clear that Hart staff had already made up their minds: "It was more like it wasn't a discussion that was being had. It was we were just being told what was going to happen, and they didn't really want to hear our side, or have a conversation about it . . ." (R:1-646:8-13). Through the federal litigation, they obtained a finding that

A.F.'s January 2015 behavior was a manifestation of his disability, securing reversal of the suspended expulsion and expungement of all records documenting it.

The results achieved in federal court are particularly noteworthy as it has become increasingly difficult for families of children with disabilities to obtain appropriate relief from the California Office of Administrative Hearings. (Dec. Valerie Vanaman, ¶¶ 21-23.) "Relief is often quite limited in scope and type and tends to bear little relationship to the nature or severity of the violations committed by the local educational agency." (*Id.*, ¶ 22.) Nationally recognized scholar on disability rights Ruth Colker recently described the California Office of Administrative Hearings trend of awarding inadequate relief as "stingy." (*Id.*, ¶ 27.) The limited relief awarded at the administrative level in this case was typical. (*Id.*, ¶ 33.) Federal litigation was necessary to obtain appropriate relief. (*Id.*, ¶ 36.)

Plaintiffs achieved a high degree of success under *Hensley*—the result of these proceedings is that Plaintiffs obtained the relief that they sought.

> B. **Plaintiffs' counsels' rates are reasonable as they are the prevailing rates for civil rights attorneys of similar experience and expertise practicing in Los Angeles, California.**

IDEA allows the "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Parties represented by non-profit law firms are entitled to prevailing market rates—the rates that are charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). *Blum* controls fee cases under IDEA. *Davis v. San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1987), *vacated in part on denial of hearing*, 984 F.2d 245 (9th Cir. 1993).

Compensation received several years after services are rendered is not equivalent to the same dollar amount as compensation that is received promptly after legal services are performed. *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). Delays in payment are appropriately adjusted by using the rate at the time of the fee

Memo. of Points and Authorities ISO Plaintiffs' Fee Motion

motion, regardless of the length of litigation. *Id.* at 284.

"[T]he rate Hart paid its counsel should not be the starting point for determining the proper hourly rate." *Termine ex rel. Termine v. William S. Hart Union High Sch. Dist.*, 288 F. App'x 360, 362-63 (9th Cir. 2008). The market for defense counsel is clearly different from the market for plaintiffs' attorneys. *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996).

Plaintiffs seek reimbursement for the work of four attorneys on this case:

- Ben Conway at $640 per hour;
- Christy Ferioli at $490 per hour;
- Eliza Finley at $450 per hour; and
- Leah Gasser Ordaz at $400 per hour.

Mr. Conway has practiced special education law at civil rights law firms for over a decade. (Dec. B. Conway, ¶ 12) He specializes in representing children like A.F. with mental illness and children in the dependency and delinquency systems. (*Id.*, 12, 14; Dec. Anna Rivera, ¶ 11; Dec. Janeen Steel, ¶21-24.) He has litigated education cases in both state and federal courts in Los Angeles. (Dec. B. Conway, 14.) He has presented regarding special education at state and national conferences, published a law review article on special education, and teaches at UCLA School of Law. (*Id.*, 12.)

Mr. Conway's rate is well within the range of rates charged by Los Angeles civil rights attorneys of comparable experience and expertise representing families in special education cases. (Dec. Barrett Litt, ¶¶ 30-31; Dec. Shawna Parks, ¶¶ 26-27; Dec. A. Rivera, ¶¶ 13 & 17 ; and Dec. Janeen Steel, ¶ 29.)

Ms. Ferioli is a graduate of Stanford Law School who had practiced civil rights law for four years at the time of her work on this case. (Dec. B. Conway, ¶ 17.) She had two years of experience representing children with disabilities and court-involved youth. (*Id.*) After leaving Public Counsel in December 2016, Ms. Ferioli moved to Florida where she now clerks for the Honorable James S. Moody,

Memo. of Points and Authorities ISO Plaintiffs' Fee Motion

Jr., in the United States District Court for the Middle District of Florida. (*Id.*)

Ms. Ferioli's rate is within the range of rates charged by Los Angeles civil rights attorneys of comparable experience and expertise representing families in special education cases. (Dec. B. Litt, 25:1-6; Dec. S. Parks, ¶ 27; Dec. A. Rivera, ¶¶ 14 & 17; and Dec. J. Steel, ¶ 29.)

Eliza Finley is a graduate of Harvard Law School. (Dec. B. Conway, ¶ 19.) Ms. Finley practiced law for one year in Washington, D.C., prior to moving to Los Angeles in 2015. (*Id.*) She has three years' experience in civil litigation, two years' experience representing children with disabilities, and co-counseled another special education case in the Central District with Mr. Conway this year in which they obtained a favorable result for their client. (*Id.*) Ms. Finley will clerk for the Honorable Christina A. Snyder in the Central District commencing in the fall of 2018. (*Id.*)

Ms. Finley's rate is within the range of rates charged by Los Angeles civil rights attorneys of comparable experience and expertise representing families in special education cases. (Dec. B. Litt, 25:1-6; Dec. S. Parks, ¶ 27; Dec. A. Rivera, ¶¶ 15 & 17; and Dec. J. Steel, ¶ 29.)

Leah Gasser-Ordaz is a graduate of the University of California Irvine School of Law. (Dec. B. Conway, ¶ 21.) Ms. Gasser-Ordaz has three years' experience as a civil rights attorney, some prior litigation experience, and less than one year's experience representing families in special education cases.

Ms. Gasser-Ordaz's rate is within the range of rates charged by Los Angeles civil rights attorneys of comparable experience and expertise representing families in special education cases. (Dec. B. Litt, 25:1-6; Dec. S. Parks, ¶ 27; Dec. A. Rivera, ¶¶ 16 & 17; and Dec. J. Steel, ¶ 29.)

    C. **Plaintiffs' counsels' hours are reasonable as they have exercised extensive billing judgement—deducting nearly forty percent of their Lodestar—such that they claim only those hours that were necessary to obtain the result that they achieved.**

        i. Plaintiffs seek compensation for work necessary to achieve their results following two administrative hearings and three federal proceedings.

The primary tasks for which Plaintiffs seek fees are: drafting and editing pleadings, communications with clients, communications with opposing counsel, appearances, witness examinations, preparation for hearings, legal research, and oral arguments before this Court. (Dec. B. Conway, ¶ 37.)

Plaintiffs' February 2016 administrative due process case was bifurcated as a matter of course by OAH. (*Id.*, ¶¶ 73-76.) This resulted in two separate administrative hearings, five months apart, totaling eleven days. (*Id.*, ¶ 26.) Plaintiffs had to prepare two prehearing conference statements, two sets of evidence binders, and two closing briefs. (*Id.*, ¶¶ 32-33.) Because Hart failed to file a response to the administrative complaint,[1] Plaintiffs' counsel had to exert additional effort anticipating Hart's possible defenses. (*Id.*, ¶¶ 29-30.)

Because Plaintiffs did not qualify for an exemption from IDEA's exhaustion requirement,[2] those administrative hearings were necessary to establish the factual record in this case and to obtain the right to pursue their claims in federal court. (*Id.*, ¶¶ 35-36.)

The administrative bifurcation of this case resulted in Plaintiffs' having to file two separate cases in federal court to comply with IDEA's 90 day timeline to appeal adverse decisions. Cal. Educ. Code § 56043(w). Defendant's choice to appeal the April 2016 administrative decision resulted in a third concurrent federal

---

[1] *See, M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F. 3d 1189 (9th Cir. 2017).
[2] *See, Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302-03 (9th Cir. 1992).

proceeding.

The following table sets forth Plaintiffs' fee request by event:

| Event | Recorded Hours | Billed Hours | Lodestar |
|---|---|---|---|
| February 2016 administrative complaint | 37.2 | 18.2 | $9,143 |
| March 2016 five-day administrative proceeding | 162.3 | 103.9 | $58,096 |
| July 2016 complaint initiating *Jay F. 1*, 2:16-cv-05117 | 29.3 | 19.5 | $9,735 |
| Responding to *UHSD*, 2:16-cv-05226 | 23.3 | 21.2 | $9,401 |
| August 2016 six-day administrative proceeding | 177.5 | 124.4 | $68,756 |
| Compliance with Federal and Local Rules | 111.1 | 66.0 | $32,424 |
| December 2016 contested motion to supplement the record | 15.5 | 12.3 | $7,857 |
| January 2017 contested motion to consolidate | 9.0 | 8.7 | $5,568 |
| briefing and argument on the consolidated matters | 121.0 | 50.8 | $27,762 |
| other time | 17.6 | 1.2 | $618 |
| August 2017 fee motion | 39.6 | 17.5 | $10,256 |
| Total: | 743.4 | 443.7 | $239,616 |

(*Id.*, ¶ 39.)

        ii.    **Plaintiffs have exercised extensive, line-item billing judgment.**

Plaintiffs have diligently exercised line-item billing judgment prior to filing this fee motion. (Dec. B. Conway, ¶¶ 40-64.) This billing judgment is reflected in Plaintiffs' billing statement by entries with the notation "DNB"—do not bill—in

the rate column and $0.00 in the amount column. (*Id.*, ¶ 44.)

Plaintiffs have categorically marked as DNB the following types of time even when they arguably furthered the litigation: internal meetings, reviewing co-counsels' drafts, settlement negotiations outside of the Court's mandatory Alternative Dispute Resolution program, second-chair appearances in the federal proceeding, and administrative time. (*Id.*, ¶¶ 46-63 .)

Plaintiffs have excised time that was spent researching and briefing unsuccessful legal claims. (*Id.*, ¶¶ 52-54.) Plaintiffs have excised other time that was not clearly linked to their successful result. (*Id.*)

Plaintiffs have not included any  Plaintiffs have not included any time in their bill related to abandoned OAH case 2016080223. (*Id.*, ¶ 58.) Nor have Plaintiffs included any of the dozens of hours of law student intern time committed to this case. (*Id.*, ¶ 59.) Nor have Plaintiffs included any time related to drafting and filing the complaint in *Jay F. 2*, 2:17-cv-00479, as the Court denied Plaintiffs' legal claims in that matter.[3] (*Id.*, ¶ 60.)

In total, this billing judgment amounted to a reduction of nearly 300 hours for a Lodestar reduction of over $140,000.

### iii. Plaintiffs' staffing of this case was appropriate in light of the nature of the case.

Plaintiffs seek fees for two attorneys for both of the administrative proceedings. Such staffing is a common practice in special education administrative proceedings. (Dec. S. Parks, ¶ 28; Dec. J. Steel, ¶ 13.) For example, Hart was represented by two counsel at each day of an administrative hearing one month after the expedited March 2016 hearing in this case. (Dec. B. Conway, ¶ 85.)

Plaintiffs seek work for a total of four attorneys in the federal proceedings, though never more than three at a time. Ben Conway was lead counsel and

---

[3] Plaintiffs have billed some time for work arising from *Jay F. 2* that was necessary to support the award of dialectical behavioral therapy. (Dec. B. Conway, ¶ 62.)

practiced with the assistance of co-counsel. (*Id.*, ¶ 11.) Such staffing is common in federal appeals of special education cases. (Dec. J. Steel, ¶ 13; *and see* Dec. S. Parks.) This staffing also allowed Plaintiffs' counsel to reduce costs by assigning many tasks to junior attorneys who billed at lower rates than Mr. Conway. (Dec. B. Conway, ¶ 70.)

This staffing proved particularly efficient at two key junctures that were unforeseen when this case was initiated. First, Plaintiffs' counsel Ms. Ferioli moved from California to Florida in December 2016. (*Id.*, ¶ 65.) Because Mr. Conway had co-counseled the administrative proceedings, he did not have to duplicate any time to take over the case from Ms. Ferioli. (*Id.*, ¶ 66.) Second, Mr. Conway's partner became pregnant during the proceedings but had health complications that resulted in a May 2017 emergency hospitalization and unexpectedly early delivery in June 2017. (*Id.*, ¶ 68.) Because Ms. Gasser-Ordaz and Ms. Finley were already co-staffing the case, they were able to cover Mr. Conway's responsibilities without duplicating time familiarizing themselves with the case while Mr. Conway attended to his family. (*Id.*, ¶ 69.)

This staffing was also reasonable because of Plaintiffs' careful billing judgment described above—Plaintiffs have removed all time that was even arguably duplicative.

          iv.    **Hart's zealous defense of this case raised costs.**

As was its right, Hart conducted an aggressive defense of this case. Yet those tactical choices were repeatedly unsuccessful and drove up the cost of this litigation.

At 5:19pm, two business days before the March 2016 expedited hearing commenced, Hart filed a request to dismiss the matter. (R. 1-0078.) This request was purportedly based on Mr. F. and Ms. L.'s lack of education decision-making rights over A.F. (R:1-81:4-10.) But Hart cited no facts supporting this proposition—it did not even allege that it *believed* that A.F.'s parents lacked the

right to proceed. (R.1:81-83.) Hart refused to withdraw its motion after the family provided it a copy of a court-order proving their right to proceed. (Plaintiff's Opp'n to Hart's Request to Dismiss. R:1-85:15-17 ; 90:27-28; 91:1-3.) Plaintiffs defeated that motion. (R. 522:7-9.)

Prior to consolidation of the federal matters, Plaintiffs sought to supplement the administrative record in their expedited appeal. (*Jay F. 1*, Doc. 34.) Plaintiffs based this motion on well-settled case law interpreting the plain language of IDEA. Hart refused to address IDEA or this line of cases in opposing that motion. (*Jay F. 1*, Doc. 35.) Instead, Hart filed a twelve page list of boilerplate evidentiary objections (*Jay F. 1*, Doc. 36), which Plaintiffs then had to address (*Jay F. 1*, Doc. 38-1). The Court did not sustain any of Hart's objections and Plaintiffs won four of five issues in that motion. (*Jay F. 1*, Doc. 41.)

Plaintiffs' counsel attempted to control costs through several measures, but were repeatedly rebuffed by Hart.

All three of the federal proceedings concerned the same parties, the same period of time, and the same statute—IDEA. Plaintiffs sought to consolidate these proceedings to conserve both the parties' time and the Court's. (*Jay F. 1*, Doc. 42-1.) Hart dithered for some time about its position before finally opposing this request. (Dec. B. Conway, ¶¶ 107-118.) Hart cited no controlling case law in support of its opposition. (*Jay F. 1*, Doc. 55) Plaintiffs won that motion. (*Jay F. 1*, Doc. 57.)

In light of the appellate nature of the federal proceeding, Plaintiffs' counsel sought a stipulation from Defendants to seek leave from the Court for exemption from certain filing requirements in the Local Rules. (Dec. B. Conway, ¶¶ 92-102.) Specifically, Plaintiffs proposed waiving Exhibit Lists, Witness Lists, and Memoranda of Contentions of Fact and Law. (*Id.*, ¶ 93.) Plaintiffs' counsel offered to waive fees related to preparing such a request if Hart would so stipulate. (*Id.*, ¶ 96.) Plaintiffs' counsel sent emails to Hart's counsel on ten separate dates and called Hart's counsel five times regarding this proposal. (*Id.*, ¶¶ 94-95.) Hart's

counsel took over two months to respond definitively to this request. (*Id.*, ¶ 97.) At no point during these discussions did Hart ever propose saving costs by eliminating unnecessary work. (*Id.*, ¶ 103.)

Hart set forth a number of affirmative defenses in its answer. (*Jay F. 1*, Doc. 18.) At the May 31, 2017, final pretrial meet and confer, Hart's counsel declined to state whether he was abandoning those defenses. (Dec. B. Conway, ¶ 106.) Hart asserted those defenses in both its memorandum of contentions of fact and conclusions of law (Doc. 77; Doc. 84) and in its sections of the final pretrial conference order (Doc. 79-1, pg. 6). Because Hart retained those defenses, Plaintiffs had to address them. (Doc. 79-1:7-8; 14; Doc. 85-1: ¶ 233-240.) The Court did not rule in Hart's favor on any of those affirmative defenses. (Doc. 87.)

Finally, Hart filed and prosecuted its own appeal of the April 2016 administrative decision: *UHSD*, case 2:16-cv-05226. Plaintiffs had to file an answer to that complaint (*UHSD*, Doc. 14), draft a reply trial brief (*Jay F. 1*, Doc. 68), address that complaint in all of the filings required by the local rules (*Jay F. 1*, Doc. 78; Doc. 79-1; Doc. 85-1;) and prepare to address those issues at argument. A year after filing that complaint, "when asked, at trial, what authority supports the proposition that the District lawfully failed to provide a manifestation hearing, the District could not point to a single authority." (Doc. 87, 9:17-19.) Plaintiffs prevailed on that claim. (*Id.*, 10:10.)

**V.    Request for attorneys' fees.**

Plaintiffs respectfully ask that this Court order Plaintiffs $239,616.00 as reasonable attorneys' fees for this case.

Respectfully Submitted
August 16, 2017

Public Counsel, Attorneys for Plaintiffs

\_\_\_/s/_____
By: Ben Conway