**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY F.; et al.,<br><br>            Plaintiffs-Appellees,<br><br>   v.<br><br>WILLIAM S. HART UNION HIGH SCHOOL DISTRICT,<br><br>            Defendant-Appellant. | No.   17-56328<br>         18-55205<br><br>D.C. Nos.<br>2:16-cv-05117-TJH-GJS<br>2:16-cv-05226-TJH-GJS<br>2:17-cv-00479-TJH-GJS<br><br>MEMORANDUM* |
| JAY F.; et al.,<br><br>            Plaintiffs-Appellants,<br><br>   v.<br><br>WILLIAM S. HART UNION HIGH SCHOOL DISTRICT,<br><br>            Defendant-Appellee. | No.   17-56418<br><br>D.C. Nos.<br>2:16-cv-05117-TJH-GJS<br>2:16-cv-05226-TJH-GJS<br>2:17-cv-00479-TJH-GJS |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted June 13, 2019
Pasadena, California

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, BYBEE, and OWENS, Circuit Judges.

William S. Hart Union High School District (Hart) and Student and Parents (together, Family) cross-appeal from the district court's decision that Hart violated the Individuals with Disabilities Education Act (IDEA) by disciplining Student—a person with a social-emotional disability—for misconduct arising from that disability. Hart also appeals from the district court's order awarding attorneys' fees to Family. As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

1. The district court did not clearly err in finding that Student's January 27 misconduct was a manifestation of his disability based on Student's documented extensive history of threatening behavior stemming from his disability. *See L.J. v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1002 (9th Cir. 2017) ("The district court's findings of fact are reviewed for clear error, even when the district court based those findings on an administrative record."). In addition, the district court did not abuse its discretion by not deferring to the Administrative Law Judge's resolution of this issue, which the district court deemed not "thorough and careful." *See M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1194 (9th Cir. 2017) ("We can accord some deference to the ALJ's factual findings, but only

---

[1] We also grant the motion of Council of Parent Attorneys and Advocates and the California Association for Parent/Child Advocacy for leave to file a brief as amici curiae.

2

where they are thorough and careful, and the extent of deference to be given is within our discretion." (citation omitted)). Finally, Hart failed to argue before the district court that Family waived its right to challenge the January 27 manifestation determination, so we decline to consider this argument on appeal. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

2. In affirming the district court's finding that Student's January 27 misconduct was a manifestation of his disability, we also affirm the district court's expungement of Student's expulsion and suspended expulsion agreement resulting from the January 27 misconduct. Therefore, we need not decide the impact of the April 2015 suspended expulsion agreement on Student's rights under the IDEA because it is expunged and legally obsolete.

3. Hart also argues that the district court erred by not remanding the matter to Hart to discipline Student for his August 2015 misconduct after Hart belatedly determined it was not a manifestation of his disability. We decline to reach this issue because Hart failed to raise it in the district court. *See id*.

4. The district court did not abuse its discretion in awarding dialectical behavioral therapy as relief for Hart's violations of the IDEA, which authorizes district courts to "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). The award was "appropriate in light of the purpose of the [IDEA]" to "provide handicapped children with a free appropriate public

education which emphasizes special education and related services designed to meet their unique needs." *Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369 (1985) (citation omitted).

    5.  The district court did not abuse its discretion in awarding attorneys' fees to Family.  The district court did not clearly err in its related factual determinations.  *See Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1220 (9th. Cir. 2016).  In addition, the district court sufficiently explained the bases for its fee award.  *See id.* at 1224 ("The district court must provide a concise but clear explanation of its reasons for the fee award." (citation omitted)).  Finally, the district court properly applied the test for calculating attorneys' fees under *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983).

    6.  We need not reach Family's cross-appeal because we affirm the district court's decision on the merits in its entirety.

    **AFFIRMED**.